(September 30, 2013)

■ In the Matter of ANGIE CARPENTER, Respondent, v TIMOTHY LAUBE et al., Appellants, et al., Respondents. [973 NYS2d 648]—

In a proceeding, inter alia, pursuant to Election Law article 16 to invalidate Suffolk County Legislative Resolution No. 621-2013 and IR No. 1567-2013, proposed in connection with the general election to be held on November 5, 2013, Timothy Laube, Clerk of the Suffolk County Legislature, the County of Suffolk, and the County Legislature of the County of Suffolk, appeal from stated portions of a final order of the Supreme Court, Suffolk County (Mackenzie, J.), dated September 23, 2013, which, inter alia, in effect, granted the petition and invalidated Suffolk County Legislative Resolution No. 621-2013 and IR No. 1567-2013.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

The appellants correctly contend that Suffolk County Legislative Resolution No. 621-2013 and IR No. 1567-2013 (hereinafter together the proposed local law) were passed in conformity with Municipal Home Rule Law § 20 (4), as they were "upon the desks or table of the members at least seven calendar days, exclusive of Sunday, prior to . . . final passage." Nevertheless, the Supreme Court correctly determined that an amendment made to the proposed local law prior to the requisite public hearing impermissibly "deviate[d] from the copy being amended as to subject matter, purpose, and intent" (Suffolk County Legislative Rule 6 [F] [1]). The original Form of Proposition (hereinafter the form) to be placed on the ballot stated as follows: "Shall Resolution No. -2013, Adopting a Charter Law Abolishing the Now Existing Offices of County Treasurer and County Comptroller, The Current Departments of Finance and Taxation and Audit and Control, and Merging Their Functions Into a Single, Newly Created Department of Audit and Financial Management Headed by an Elected Chief Financial Officer Elected From the General Population *For the Purposes of Improving Government Efficiency and Saving More than $1 Million Annually, Be Approved*?" (emphasis added). Prior to the public hearing, the form was amended to state as follows: "Shall Resolution No. -2013, Adopting a Charter Law Consolidating the Functions of the Current Departments of Finance and Taxation and Audit and Control Into a Single, Newly Created Department of Audit and Financial Management Headed by An Elected Chief Financial Officer Elected From the General

Population and Eliminating the Existing Offices of County Treasurer and County Comptroller *For the Purposes of Streamlining and Improving Government Efficiency, Be Approved?*" (emphasis added). Suffolk County Legislative Rule 6 (F) (1) provides, inter alia, that "[a]n amended copy of proposed legislation may not deviate from the copy being amended as to subject matter, purpose, and intent." Whether the originally stated goal of saving more than $1 million is most suitably characterized as the subject matter, the purpose, or the intent of the proposed legislation, the alteration of this clearly specified goal to a more generally stated goal is an impermissible deviation. As such, the Supreme Court properly, inter alia, in effect, granted the petition and invalidated the proposed local law.

The appellants' remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.